UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FLORENCE DANGELO, individually,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No. 2:12-cv-00586-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion to Dismiss Claims 2-5 of Plaintiff's Complaint – dkt. no. 6) |

**I.    SUMMARY**

Before the Court is Defendant Hartford Casualty Insurance Company's ("Hartford") Motion to Dismiss Claims 2-5 of Plaintiff's Complaint. (Dkt. no. 6.) The Court has also considered Plaintiff Florence Dangelo's ("Dangelo") Response (dkt. no. 9) and Hartford's Reply (dkt. no. 11). For reasons discussed below, Hartford's Motion is granted.

**II.   BACKGROUND**

This case arises out of the alleged wrongful denial of underinsured motorist insurance benefits. (Dkt. no. 1, Ex. 1 at ¶¶ 10-12.) The Complaint alleges the following facts. On November 12, 2007, Dangelo was struck by a negligent third-party driver and suffered serious injuries. Dangelo settled a related claim with the third-party driver's

insurance carrier for the motorist's policy limits.  Prior to the accident, Dangelo had purchased an automobile insurance policy from Hartford for uninsured/underinsured motorist ("UIM") coverage.  Following the accident, Dangelo demanded a UIM policy limit payment from Hartford.  Hartford refused to make the payment required under the policy.

Dangelo asserts five claims: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; (4) bad faith; and (5) unfair trade practices. Hartford seeks dismissal of claims 2-5 under Fed. R. Civ. P. 12(b)(6).

## III.    DISCUSSION

### A.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions couched as factual assertions are not entitled to the assumption of truth.  *Id.* at 678.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.*  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when

the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

### B. Analysis

Hartford seeks dismissal of claims 2-5 for failure to state a claim upon which relief can be granted. The Court addresses each claim in turn.

#### 1. Claim 2 – Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing

The contractual covenant of good faith and fair dealing exists independent of any consensual contractual covenants. *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994). A party can incur liability for breach of the implied covenant of good faith and fair dealing when "the terms of a contract are literally complied with but one party . . . deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Hartford argues that the Complaint fails to establish a claim for breach of the implied covenant of good faith and fair dealing because the proffered allegations, Hartford's refusal "to properly compensate Plaintiff," may support a claim for breach of contract, but are legally insufficient to establish how Hartford interfered with the intent of the contract. Dangelo responds by lumping together arguments for contractual and tortious breach of the implied covenant of good faith and fair dealing, but fails to directly address Hartford's argument. The Court agrees with Hartford. This claim is dismissed.

### 2. Claim 3 – Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

Tortious breach of an implied covenant of good faith and fair dealing is established where Plaintiff shows: (1) an insurer denied or refused to pay an insured's claim; (2) the insurer had no reasonable basis to deny the claim; and (3) the insurer knew or recklessly disregarded that there was no reasonable basis for the denial. *Schumacher v. State Farm Fire & Cas. Co.*, 467 F.Supp.2d 1090, 1095 (D. Nev. 2006).

Dangelo fails to state a claim for relief because the Complaint does not contain allegations concerning the element of knowledge or recklessness. Dangelo's response to the Motion argues that her allegations satisfy each of the elements. However, the Complaint fails to allege the third element of knowledge or recklessness.[1]

### 3. Claim 4 – Bad Faith

"The 'bad faith' cause of action is actually one for breach of an implied covenant of good faith and fair dealing." *Vargas v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 788 F.Supp. 462, 465 (D. Nev. 1992). Plaintiff concedes that "her claim for 'bad faith' is the same as her claim for tortious breach of the implied covenant of good faith and dealing." (Dkt. no. 9, Response, p.9 fn.1.) Thus, the bad faith claim is dismissed.

### 4. Claim 5 – Unfair Trade Practices

Dangelo's Complaint alleges that Hartford has engaged in unfair trade practices pursuant to Nevada's Unfair Trade Practices Act ("Act"), including failing to properly settle her claim. Hartford argues that Dangelo's generic allegations are insufficient to state a claim and do not provide notice of which of the Act's sixteen provisions Hartford violated. Dangelo argues that her Complaint adequately alleges a claim for violation of NRS 686A.310(1)(e) when she claims Hartford failed to "properly settle [Dangelo's]

---

[1] Dangelo argues that she alleges Hartford "failed to conduct a reasonable investigation into Plaintiff's claim before denying it," which presumably shows recklessness. However, the Complaint does not actually contain that allegation or any allegation directly or inferentially related to an investigation.

4

claim." (Dkt. no. 1-2, Compl. ¶ 47.)  However, Dangelo's allegations amount to no more than a label or conclusion.  Because the allegations do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has alleged, but not shown, Dangelo is entitled to relief.

In response to the Motion, Dangelo attempts to supplement the Complaint by referring to three sections of the Act.  However, Dangelo cannot supplement her Complaint in opposition to a motion to dismiss.

Additionally, Dangelo argues that unless she is permitted to conduct discovery, she will never know if Hartford violated other sections of the Act.  To that end, Dangelo claims exception under Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud because the information is "peculiarly within [Hartford's] knowledge."  However, the Complaint has not alleged fraud and therefore, Rule 9(b)'s heightened standard does not apply.  Moreover, Dangelo's Complaint fails even under Rule 8's lower notice pleading standard.  Dangelo's Complaint has not alleged any direct or inferential facts or legal conclusions that would put Hartford on fair notice of the events and legal theories against which to defend.  Accordingly, this claim is dismissed.

### 5. Leave to Amend

In opposition to dismissal, Dangelo requests leave to amend her Complaint pursuant to Rule 15(a).  Dangelo's request is not proper and fails to comply with LR 15-1(a).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Hartford Casualty Insurance Company's Motion to Dismiss (dkt. no. 6) is GRANTED.  Because of the liberal pleading standard, dismissal is without prejudice to Dangelo to properly seek leave to amend.

DATED THIS 27th day of September 2012.

_____
UNITED STATES DISTRICT JUDGE